Antonio **TAPIA–CORONA**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21066.

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1966.

George M. Sheets, Tucson, Ariz., for appellant.

William P. Copple, U. S. Atty., Jo Ann D. Diamos, Richard Allemann, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before CHAMBERS, BARNES and DUNIWAY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed.

■ In this case of smuggling marijuana across the border near Nogales, Arizona, the government used at the time of the event an agent, Cameron, and a part-time informer, Calcedo. Tapia-Corona asserts entrapment and that he needed, and did not have, Calcedo as a witness to prove the point. The record is clear that the trial judge was satisfied that the government in good faith had made a reasonable effort to find Calcedo and had failed. This was enough. Velarde-Villarreal v. United States, 9 Cir., 354 F.2d 9; United States v. White, 2 Cir., 324 F.2d 814; United States v. Cimino, 2 Cir., 321 F.2d 509.

■ A contention is made that it was unfair not to have all English testimony (Tapia-Corona speaks only Spanish) instantly interpreted to him. The official Spanish interpreter sat at the defense counsel table and was available for immediate consultation. We hold he was not entitled to the perfection he would like to have had.

We find no error in denial of the bill of particulars. There is no reasonable claim of surprise on any testimony at the trial. The government made a prima facie case. The defendant did himself no good when he took the stand and related a highly improbable alibi.

Judgment affirmed.