## MATTER OF SWISSAIR "FLIGHT SR 168"

### In Fine Proceedings

BOS–10/11.307

BOS–10/11.319

*Decided by Board February 10, 1975*

(1) Liability to fine under section 273(a) of the Immigration and Nationality Act for bringing the three aliens involved to the United States without the required visas is established by official Service records (prepared by immigration inspectors upon the arrival of the alien passengers) indicating that the aliens arrived without the required visas, where the carrier has submitted nothing to challenge the reliability of the official records and, moreover, has conceded that its employees neglected to check the alien passengers' passports for visas.

(2) The imposition of fines in the instant cases did not lack due process for failure to give the carrier an opportunity to cross-examine the immigration inspectors who prepared the official forms since no useful purpose would be served thereby. There is no reason to expect that, if questioned by counsel, the immigration inspectors could add anything of significance to the information contained in the official records of the aliens' arrivals. Balanced against this is the great inconvenience to the Service in being required to take immigration inspectors away from their duties and have them available to testify on a routine basis.

(3) Counsel's contention that due process in administrative fine proceedings under section 273 of the Act requires that the Government include the alien's passport, or a copy thereof, in the record of proceedings, is rejected.

IN RE: SWISSAIR "FLIGHT SR 168", which arrived at Boston, Massachusetts, from foreign, on April 8, 1973. Alien passenger involved:
HERMAN KREUZER

SWISSAIR "FLIGHT SR 168", which arrived at Boston, Massachusetts, from foreign, on September 17, 1973. Alien passengers involved: JOSE DA SILVA and MARIE G. DA SILVA

BASIS FOR FINES: Act of 1952—Section 273(b) [8 U.S.C. 1323(b)]

ON BEHALF OF CARRIER:
Steven R. Schlam, Esquire
335 Broadway
New York, New York 10013

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The District Director imposed fines in the total amount of $3,000 upon the carrier Swissair for three violations of section 273(a) of the Immigration and Nationality Act, and he denied the carrier's requests for remis-

sion of the fines. The carrier has appealed from the district director's decisions, and has also requested that the cases be remanded to the district director. The requests for remand will be denied, and the appeals will be dismissed.

The evidence of the carrier's liability under section 273 is contained in official Service records, prepared by immigration inspectors upon the arrival of the alien passengers, indicating that the aliens' passports contained no visas. Counsel has conceded that the carrier's employees at the point of embarkation failed to check whether the alien passengers involved had valid visas (O.A. p. 2). Affidavits from the carrier's employees contained in the records are to the same effect. No evidence has been submitted to show that the passengers were in possession of the proper visas.

Counsel contends that the imposition of the fines did not comport with due process because the carrier was not given an opportunity to cross-examine the immigration inspectors who prepared the official forms. This argument is similar to the one rejected by us in *Matter of Swissair "Flight #164,"* 15 I. & N. Dec. (BIA 1974). However, counsel points to some differences between that case and those presently before us.

In *Matter of Swissair "Flight #164,"* supra, the carrier made no request for a personal interview pursuant to 8 CFR 280.12, and no specific request for an opportunity to cross-examine the immigration inspector was presented to the district director. In both of the cases presently before us, the carrier requested personal interviews pursuant to 8 CFR 280.12, and in addition requested that the immigration inspectors who prepared the official forms be present at the interviews for cross-examination. The interviews were scheduled; but the district director informed counsel by letter that the immigration inspectors would not be available for cross-examination. Thereupon, counsel withdrew the requests for personal interviews, and requested instead to be furnished with copies of the official forms prepared by the immigration inspectors. The district director complied with that request.

We do not believe that there is any significant difference between the cases presently before us and *Matter of Swissair "Flight #164,"* supra. In each case the material fact is that there is an official Service record indicating that the alien passenger arrived without the required visa, and the carrier has submitted nothing to challenge the reliability of the official record.[1] Moreover, in each case the carrier conceded that its employees neglected to check the alien passenger's passport for a visa.

---

[1] We note that Rule 803 of the Federal Rules of Evidence, P.L. 93-595, approved January 2, 1975, effective July 1, 1975, provides that records of a regularly conducted activity, and public records and reports, are admissible in court as an exception to the hearsay rule, "even though the declarant is available as a witness," unless circumstances are such as to "indicate lack of trustworthiness."

Due process in an administrative proceeding is not a fixed concept, but rather varies according to the nature of the case and a weighing of the private and governmental interests involved. *Richardson* v. *Perales*, 402 U.S. 389, 401–02 (1971); *Goldberg* v. *Kelly*, 397 U.S. 254, 262–63 (1970); *Cafeteria & Restaurant Workers Union* v. *McElroy*, 367 U.S. 886, 895 (1961); *Blackwell College of Business* v. *Attorney General*, 454 F.2d 928, 932 (D.C. Cir. 1971).

In each of the present cases, there is no reason to expect that, if questioned by counsel, the immigration inspector could add anything of significance to the information contained in the official record of the alien's arrival. Balanced against this is the great inconvenience to the Service in being required to take immigration inspectors away from their duties and have them available to testify on a routine basis.[2] We find no useful purpose which would be served by requiring the Service to permit cross-examination of the immigration inspectors in the present cases.

Counsel also has raised the contention that due process in fine proceedings requires that the Government include the alien's passport, or a copy thereof, in the record. We rejected that argument in *Matter of Swissair "Flight #164,"* supra, and we adhere to that rejection. See *Cunard S.S. Co.* v. *Elting*, 97 F.2d 373, 376–77 (C.A. 2, 1938).

Under the circumstances of the present cases, we conclude that the proceedings complied with due process, and that the evidence is sufficient to establish the carrier's violation of section 273(a) of the Act in each case. See *Matter of Swissair "Flight #164,"* supra.

Counsel makes several challenges to the constitutionality of section 273 of the Act. However, we have no authority to pass upon the constitutionality of the statutes which we administer. *Matter of Swissair "Flight #164,"* supra; *Matter of Santana*, 13 I. & N. Dec. 362 (BIA 1969); *Matter of L–*, 4 I. & N. Dec. 556 (BIA 1951).

Although the carrier requests remission of the fines, counsel makes no claim that the circumstances of these cases come within the remission provision of section 273(c) of the Act (O.A. p. 4). On the basis of the facts of record, we conclude that no valid claim for remission under section 273(c) could be presented, since by the exercise of "reasonable diligence" the carrier could have ascertained that the passengers in question were aliens and that visas were required.

---

[2] The potential effect of having to deploy personnel in the foregoing manner is great in view of the large number of alien passengers who arrive in the United States from foreign countries by air and sea and who are subject to inspection. In the year ending June 30, 1973, there were 5,490,705 aliens who arrived in the United States by air and sea from foreign countries (exclusive of travel over land borders (except Mexican air travel), military personnel, crewmen, and travelers between the United States and its possessions). 1973 Annual Report of the Immigration and Naturalization Service, at 92.

The district director's decisions were correct. The appeals will be dismissed. Counsel's requests for remands to allow cross-examination of the immigration inspectors will also be denied.

**ORDER:** The requests for remand are denied, and the appeals are dismissed.