## MATTER OF DAVILA

### In Deportation Proceedings

### A-21419729

*Decided by Board August 23, 1976*

(1) In order to establish respondent's deportability as an overstay, the Service introduced, over the objections of counsel, a Form I-213 (Record of Deportable Alien), a Form I-214 (Warning as to Rights) and a fingerprint card relating to respondent. The Form I-213 bore the same name and Alien Registration Number as the order to show cause issued respondent; the Form I-214 was signed by respondent and indicated she had been advised of her rights and had voluntarily waived them. No evidence was adduced at the hearing to indicate that the Forms I-213 and I-214 did not relate to respondent or were in any way incorrect, or that the statements given by respondent were not given voluntarily.

(2) A respondent in deportation proceedings has no right to refuse to testify except on a reasonable claim of privilege under the Fifth Amendment. Remaining in this country longer than permitted is not a criminal offense. Respondent made no showing that there was any basis for a claim of Fifth Amendment privilege and there was no constitutional basis for her refusal to testify.

(3) In the absence of any proof that Forms I-213 and I-214 relating to respondent contain information which was incorrect or obtained by coercion or force, these forms are inherently trustworthy and would be admissible even in court as an exception to the Hearsay Rule as public records or reports as provided in Rule 803(8) of the Federal Rules of Evidence.

(4) Since the respondent's deportability was proven at the hearing by untainted evidence which was clear, convincing, and unequivocal, even assuming a defect in the arrest procedure, it would be of no consequence in this deportation proceeding.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—
—remained longer

ON BEHALF OF RESPONDENT: Bert D. Greenberg, Esquire
8484 Wilshire Boulevard
Beverly Hills, CA 90211

The respondent appeals from the immigration judge's decision of October 1, 1975. The immigration judge found the respondent deportable as charged, granted her 14 days voluntary departure, and entered an alternate order providing for the respondent's deportation to Peru. The appeal will be dismissed.

On appeal, the respondent contends, in effect, that her deportability has not been established by clear, convincing and unequivocal evidence. According to her, all the evidence in the record was produced as a result of her arrest; that arrest was unlawful; and, therefore, the evidence should have been suppressed.

At the hearing before the immigration judge, the respondent identified herself by name, and counsel stipulated that the order to show cause related to her. Through counsel, she denied all the allegations in the order to show cause and her deportability as charged. Thereafter, on Fourth and Fifth Amendment grounds, she refused to answer any questions on the issues of alienage and deportability. Her later testimony was confined to a motion to suppress and to her application for voluntary departure. The immigration judge determined that her refusal to testify on constitutional grounds was unjustified.

In the order to show cause it was charged that the respondent was subject to deportation as an overstay. Remaining in this country longer than permitted does not constitute a criminal offense. A respondent in deportation proceedings has no right to refuse to testify except on a reasonable claim of privilege under the Fifth Amendment. Otherwise, the immigration judge may direct the respondent to testify. *Chavez-Raya* v. *INS*, 519 F.2d 397 (C.A. 7, 1975); *Laqui* v. *INS*, 422 F.2d 807, 809 (C.A. 7, 1970). Counsel stated in his brief that the respondent had entered the United States as a visitor. No showing was made that there was any basis for a claim of Fifth Amendment privilege. Thus, there was no constitutional basis for the respondent's refusal to testify.

To establish alienage and deportability the Service introduced, over the objections of counsel, a Form I-213, Report of Deportable Alien, a Form I-214, Warning as to Rights, and a fingerprint form. The Form I-213 bears the same name and Alien Registration number as the order to show cause. It reflects birth in Peru and entry into the United States on November 30, 1972 as a visitor. The Form I-214 is signed "Elba Davila". It warns the alien of her rights, including the right to advice of counsel; it also reflects that she understood her rights and voluntarily waived them. The respondent did not deny that these documents related to her, and no offer of proof was made that they are in any way incorrect, or that the information they contained was not given voluntarily.

In the absence of any proof that the Forms I-213 and I-214 contain information which is incorrect or which was obtained by coercion or force, we find that these forms are inherently trustworthy and would be admissible even in court as an exception to the hearsay rule as public records and reports. Fed. Rules of Evid., Rule 803(8). See *Matter of Swissair "Flight SR 168,"* 15 I. & N. Dec. 372 (BIA 1975).

In view of the identity of name and Alien Registration number on the

order to show cause and the Form I–213, the respondent's duty to testify, and her burden to show time, place, manner of entry into the United States pursuant to section 291, Immigration and Nationality Act, we conclude that alienage and deportability were established at the deportation hearing by untainted evidence which is clear, unequivocal, and convincing. Thus, because the respondent's deportability was proved by sufficient evidence at the hearing, even if we were to assume a defect in the arrest procedure, it would be of no consequence in this deportation proceeding. *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149 (1923); *La Franca* v. *INS*, 413 F.2d 686, 689 (C.A. 2, 1969); *Vlissidis* v. *Anadell*, 262 F.2d 398, 400 (C.A. 7, 1959).

Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 14 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.