**Marie Aniece Bradshaw nee MARTINEAU, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 76–4402
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 22, 1977.

Donald I. Bierman, Miami, Fla., for petitioner.

Lauri Steven Filppu, James P. Morris, Attys., Dept. of Justice, Govt. Reg. & Labor Section, Crim. Div., Washington, D. C., Edward H. Levi, U. S. Atty. Gen., U. S. Dept. of Justice, Philip Wilens, Chief, Govt. Reg. & Labor Sect., James P. Morris, Atty., Washington, D. C., Robert W. Rust, Miami, Fla., for respondent.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Petitioner, Marie Aniece Bradshaw nee Martineau, appeals a denial by the Immigration Judge of her petition to withhold deportation. The Board of Immigration Appeals affirmed that denial and this Court has jurisdiction to review that affirmance under 8 U.S.C. § 1105a(a). We affirm.

Bradshaw is a Haitian citizen who came to the United States in 1970 under a tourist visa. She obtained employment and in 1973 married a United States citizen. Shortly thereafter she applied for classification as the spouse of a United States citizen but her husband failed to cooperate in that he deserted her and his whereabouts are unknown.

On November 5, 1973, a deportation hearing was held in which petitioner based her application upon her marriage. She was found deportable by an immigration judge under Section 241(a)(2) of the Act,[1] 8 U.S.C. § 1251(a)(2), as a nonimmigrant visitor who remained in the United States beyond the period of her authorized stay. Petitioner was given three months to voluntarily leave or risk deportation.

In September of 1974 petitioner was admitted to a Miami, Florida hospital for sur-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409. Part I.

1. Immigration and Nationality Act of 1952, as amended.

gery for cancer. Thereafter in early 1975 she sought a stay of deportation which was granted for the period until March, 1975.

Petitioner then requested the Immigration Service to reopen her case under Section 243(h) of the Act, 8 U.S.C. § 1253(h), because of alleged fear of political persecution if she returned to Haiti.

The proceedings were reopened and, after the hearing held on September 27, 1976, the Immigration judge denied petitioner's petition to withhold deportation. During the course of this hearing the Immigration judge allowed into evidence, overruling petitioner's counsel's objection, a telegram from the Department of State, Office of Refugee Migration Affairs which concludes that the State Department did not believe petitioner had a valid claim to asylum.

█ It is a well established rule that the burden of proving deportation will lead to political persecution rests with the alien. 8 C.F.R. § 242.17(c); *Pierre v. United States*, 547 F.2d 1281 (5th Cir. 1977); *Paul v. United States Immigration and Naturalization Service*, 521 F.2d 194 (5th Cir. 1975).

█ The petitioner in this case presented no evidence to support her claim of political persecution in Haiti. Her testimony indicated a hard life in Haiti and that they "might" put her in jail if she returned to Haiti. Petitioner also testified she was not a member of any political party or the armed forces. The evidence presented does not show a "clear probability" of persecution upon return. We find there was no error in this conclusion of the Immigration judge.[2]

█ Petitioner's challenge of the admissibility of the telegram from the Department of State is not well-founded. Correspon-

dence such as the one in question has been admitted in deportation hearings and affirmed by this Court. *Paul v. United States Immigration and Naturalization Service*, 521 F.2d 194, 199–200 (5th Cir. 1975). In *Paul* this Court felt that if the correspondence, which in that case was unreliable and not responsive, had influenced the decision of the Immigration judge then the challenge to its admissibility might have been persuasive. But:

> " . . . the basis for the decisions below was the insufficiency . . . of petitioners' own statements in discharging their burden of proving that they possessed a well-founded fear of political persecution if deported." (Citation and footnote omitted).

*Paul*, 521 F.2d at 200.

The telegram in this case concluded from the same testimony of petitioner which was put before the Immigration judge that petitioner did not have a valid claim to asylum. The influence this telegram might have had on the judge is of no consequence in this case, because his conclusions were inevitable based on the lack of evidence to support petitioner's claim.

For the foregoing reasons we affirm the decision of the Immigration judge.

---

2. Petitioner suggests that for purposes of due process the burden of going forward with evidence establishing the likelihood of persecution in the event of deportation should shift to the government where a prima facie case of perse-

cution has been affirmatively established by the petitioner. We do not consider this proposition because we find that petitioner did not set forth such a prima facie case.