UNITED STATES of America, ex rel. Daniel Salcedo TORRES, Petitioner,

v.

David H. BRIERTON, Respondent.

No. 77 C 3384.

United States District Court, N. D. Illinois, E. D.

Feb. 3, 1978.

Daniel Salcedo Torres, pro se.

Wm. J. Scott, Atty. Gen., Chicago, Ill., for respondent.

## DECISION ON MOTION TO DISMISS

McMILLEN, District Judge.

Petitioner was convicted of murder after a jury trial in the Circuit Court of Cook County and, on April 19, 1972, sentenced to a term of 14 to 20 years which he is currently serving at Stateville Correctional Center. He seeks a writ of *habeas corpus* on five grounds. Respondent has moved to dismiss the petition. For the following reasons, we will grant the motion.

The issues raised in the petition are apparently intended to constitute matters of law, since petitioner has not submitted any affidavit or transcript to contradict the findings and conclusions of the Appellate Court for the First District which reviewed the same issues, in substance at least. That court affirmed his conviction in *People v. Torres,* 18 Ill.App.3d 921, 310 N.E.2d 780 (1st Dist. 1974). An appeal to the Illinois Supreme Court no longer can be taken as the time for filing has long since run. See *Ill.Rev.Stat.* (1975) Ch. 110A, § 315(b) (Supp.1976). Thus, pursuant to *Fay v. Noia,* 372 U.S. 391, 399, 434–35, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Torres has exhausted available State remedies as required by 28 U.S.C. § 2254(b), and we will proceed to consider the merits of his allegations.

Petitioner claims first that the trial judge violated his rights by failing to appoint a defense attorney proficient in the Spanish language. The Appellate Court apparently

only considered this issue at the arraignment stage, but it also found "that his trial counsel conducted a vigorous and able defense . . . ." *People v. Torres, supra,* 18 Ill.App.3d at 926, 310 N.E.2d at 783. This finding is presumed to be correct in the absence of evidence to the contrary. 28 U.S.C. § 2254(d). The trial judge also found that petitioner could understand some English, having lived in the United States for fifteen years. *People v. Torres, supra,* 18 Ill.App.3d at 925, 310 N.E.2d 780.

■ There is no unqualified constitutional right to counsel able to speak defendant's native tongue. See *Cervantes v. Cox,* 350 F.2d 855 (10th Cir. 1965). So long as a qualified interpreter is functioning, an attorney fluent in English is probably more useful than one proficient in Spanish. Furthermore, petitioner alleges no prejudice by virtue of his attorney's alleged inability to communicate with him directly but was and is concerned with the adequacy of the interpreting. We find and conclude that petitioner's first contention, that he was entitled to a Spanish speaking attorney, therefore, does not provide grounds for *habeas* relief.

■ Likewise, petitioner's claim that his rights were violated by virtue of the trial court's permitting a police officer to act as an interpreter for the prosecution must fail. The Illinois Appellate Court found that the record shows no lack of impartiality on the part of the interpreter, nor does Torres allege any instances of prejudicial behavior. He had his own interpreter who was accepted by the court after interrogation. The prosecution should be permitted to select its own.

■ Petitioner next contends that he was entitled to have his entire trial conducted simultaneously in Spanish as well as English. Instant translation has been held not to be a constitutional right where, as found by the appellate court in Torres' case, an interpreter is readily available to defendant throughout the trial. *Tapia-Corona v. United States,* 369 F.2d 366 (9th Cir. 1966); see also *People v. Torres, supra,* 18 Ill. App.3d at 926, 310 N.E.2d 780.

■ Petitioner's last claim alleges that two types of inadmissible testimony were presented against him at his trial. However, his claim that his wife was permitted to testify as to a privileged communication from him cannot serve as a basis for *habeas* relief, since an improper evidentiary ruling on this point could not have violated Torres' due process rights. See *Nordskog v. Wainwright,* 546 F.2d 69, 72 (5th Cir. 1977); *United States ex rel. Harris v. Illinois,* 457 F.2d 191 at 198 (7th Cir. 1972) (per curiam), *cert. den.* 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972). In any event, the State appellate court found that third persons were present during the relevant conversation between Torres and his wife, *People v. Torres, supra,* 18 Ill.App.3d at 927, 310 N.E.2d 780, which negates the confidentiality otherwise underlying the marital privilege. *E. g., Pereira v. United States,* 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

■ Petitioner's allegation that improper admission of hearsay testimony violated his right to confront witnesses against him likewise does not entitle him to *habeas* relief. The Illinois Appellate Court found that the testimony of an excited utterance had been improperly admitted; but it also found, in light of the other evidence adduced, that the testimony was not prejudicial. *People v. Torres, supra,* 18 Ill.App.3d 928–29, 310 N.E.2d 780. The hearsay declarant, Torres' wife, testified at the trial and was subject to cross examination by defense counsel, further mitigating any prejudice. We do not sit to review the decisions of the State courts on the weight of the evidence or similar issues, in the absence of a Constitutional violation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that respondent's motion to dismiss the Petition for a Writ of *Habeas Corpus* is granted.