## MATTER OF EXILUS

### In Exclusion Proceedings

### A-24720564

*Decided by Board August 3, 1982*

(1) The constitutional requirements of due process in an administrative proceeding vary according to the relative importance of the governmental and private interests involved; however, it is settled that such requirements are satisfied in an administrative hearing if the proceeding is found to be fair.

(2) The immigration judge's refusal to permit the asylum applicant to submit interrogatories to the State Department in connection with an advisory opinion rendered by that agency did not constitute a denial of due process where the significant impact of such submission upon the efficient functioning of the government outweighs the minimal benefit to be gained by the asylum applicant.

(3) Due process does not require the translation of an entire administrative hearing; however, certain portions of the hearing must be translated in order for the proceeding to be fair, and the immigration judge may also determine, in his discretion, if translation of other dialogue is essential to an alien's ability to assist in the presentation of his case.

(4) The immigration judge properly denied a motion for translation of the entire proceeding where all portions of the hearing after that denial were either translated or explained to the alien.

EXCLUDABLE: Act of 1952—Sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Procured visa by fraud

Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Not in possession of valid unexpired immigrant visa or other valid entry document

ON BEHALF OF APPLICANT:
Larry S. Rifkin, Esquire
Murray & Rifkin, P.A.
1 S.W. 3rd Street, Suite 200
Miami, Florida 33130

ON BEHALF OF SERVICE:
Leonard Devertz
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This case is before us on appeal from a decision of the immigration judge dated November 18, 1981, finding the applicant excludable and denying her application for asylum and withholding of exclusion and deportation. The appeal will be dismissed.

The applicant is a 21-year-old native and citizen of Haiti. The record reflects that she sought admission to the United States on September 7,

1981. The Service charged her with excludability under sections 212(a)(19) and (20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19) and (20).

At exclusion proceedings, the applicant conceded excludability on the advice of counsel. However, she sought relief from exclusion by submitting an application for asylum and withholding of exclusion and deportation.[1] In conjunction therewith, she made two motions to the immigration judge. She requested that she be permitted to submit interrogatories to the person at the Bureau of Human Rights and Humanitarian Affairs of the Department of State who rendered an advisory opinion on her asylum claim. She also moved that the interpreter for the Service give a simultaneous translation of the entire proceedings, including all testimony, argument of counsel, and rulings and statements of the immigration judge. The immigration judge denied both motions. He further concluded that the applicant failed to establish that she has a well-founded fear of persecution if she returns to Haiti. Thus he found that she was not entitled to asylum or withholding of exclusion and deportation.

On appeal, the applicant contends that the immigration judge erred in refusing to permit her to submit the requested interrogatories and in denying her motion for simultaneous translation of the proceedings. She further argues that the immigration judge improperly denied her application for asylum and withholding of exclusion and deportation.

We shall address first the merits of the applicant's persecution claim. The law is well settled that an applicant for asylum or for withholding of exclusion and deportation bears the burden of proving that he has a well-founded fear of persecution if he returns to his native land. *Fleurinor v. INS*, 585 F.2d 129 (5 Cir. 1978); *Martineau v. INS*, 556 F.2d 306 (5 Cir. 1977); *Henry v. INS*, 552 F.2d 130 (5 Cir. 1977); *Daniel v. INS*, 528 F.2d 1278 (5 Cir. 1976). This language refers to more than the alien's subjective state of mind. He must establish that he is likely to be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See Kashani v. INS*, 547 F.2d 376, 379 (7 Cir. 1977); *see also McMullen v. INS*, 658 F.2d 1312 (9 Cir. 1981).

The applicant claims only that she will be persecuted because she left Haiti illegally. She admits she has never been arrested or imprisoned and makes no claim to have ever been a member of an organization hostile to her country's government or to have expressed a political opinion adverse to the authorities of that government. Although the

---

[1] According to 8 C.F.R. 208.3(b), an asylum request made after the institution of exclusion proceedings shall also be considered as a request for withholding of exclusion and deportation pursuant to section 243(h) of the Act, 8 U.S.C. 1253(h).

applicant has submitted numerous magazine and newspaper articles, none relate to her individually or specifically support her claim that her illegal departure would result in persecution upon her return to Haiti. Furthermore, similar claims have been addressed and rejected as insufficient to establish a likelihood of persecution in Haiti without further substantial evidence that prosecution for an illegal departure would occur or would be politically motivated. *Henry v. INS, supra; Matter of Williams,* 16 I&N Dec. 697 (BIA 1979); *cf. Coriolan v. INS,* 559 F.2d 993 (5 Cir. 1977). We are not convinced by the applicant's bare allegations and the evidence presented that she would be persecuted in Haiti. Inasmuch as the applicant has failed to meet her burden of establishing the likelihood of persecution, we conclude that the immigration judge properly denied her application for asylum and witholding of exclusion and deportation.

The applicant argues that she was severely prejudiced by the immigration judge's refusal to allow submission of interrogatories. She asserts that the immigration judge's actions effectively denied her the opportunity to inspect, explain, and rebut the adverse evidence against her because she was precluded from determining how the State Department arrived at the conclusions in its advisory opinion. Thus the applicant claims that she was deprived of her due process right to a fair hearing.

Due process in an administrative proceeding is not defined by inflexible rules which are universally applied, but rather varies according to the nature of the case and the relative importance of the governmental and private interests involved. *Mathews v. Eldridge,* 424 U.S. 319 (1976); *Richardson v. Perales,* 402 U.S. 389 (1971); *Cafeteria & Restaurant Workers Union v. McElroy,* 367 U.S. 886 (1961); *Blackwell College of Business v. Attorney General,* 454 F.2d 928 (D.C. Cir. 1971); *Matter of Swissair "Flight SR 168,"* 15 I&N Dec. 372 (BIA 1975). The constitutional requirements of due process are satisfied in an administrative hearing if the proceeding is found to be fair. *See Martin-Mendoza v. INS,* 499 F.2d 918 (9 Cir. 1974); *Navarette-Navarette v. Landon,* 223 F.2d 234 (9 Cir. 1955), *cert. denied,* 351 U.S. 911 (1956); *Matter of De Vera,* 16 I&N Dec. 266 (BIA 1977). In order to establish that he has been denied a fair hearing, an alien must show that he has suffered prejudice. *Nicholas v. INS,* 590 F.2d 802 (9 Cir. 1979).

We do not find that this applicant was denied a full and fair hearing as a result of her inability to submit interrogatories to the State Department. She complains only that she was precluded from determining how the State Department arrived at its conclusions. However, the letter itself clearly states that the opinion was based on the evidence she had submitted and the fact that the State Department had no other information to support her claim. The applicant was provided an opportunity to explain and rebut the conclusion in the State Department letter that she

failed to establish a well-founded fear of persecution, yet she did not submit any evidence in rebuttal to the advisory opinion. Further, she has not specified any particular prejudice which resulted from the immigration judge's refusal to permit interrogatories, nor has she indicated how the submission of interrogatories would have advanced her claim of persecution. Consequently, we conclude that her exclusion hearing was fair.

Furthermore, as a general rule, we do not find that the refusal of an immigration judge to permit submission of interrogatories to the State Department constitutes a denial of due process. The regulations require that the advisory opinion rendered by the State Department must be included in the record and that the applicant for asylum must be given an opportunity to inspect, explain, or rebut it. *See* 8 C.F.R. 208.10(b); *Matter of Saban*, 18 I&N Dec. 70 (BIA 1981); *Matter of Francois*, 15 I&N Dec. 534 (BIA 1975). The purpose in admitting the advisory opinion of the State Department into evidence at a hearing on an asylum claim is three-fold: (1) to establish compliance with the regulatory requirement of 8 C.F.R. 208.10(b); (2) to bring forth any information available to the State Department which supports the applicant's claim; and (3) to indicate the State Department's opinion regarding the likelihood of persecution given the specific facts presented by the applicant. We recognize that these opinions are ex parte declarations which are submitted without the traditional safeguards required of admissible evidence in judicial proceedings and that they are frequently general in nature.[2] However, the opinion is not binding on the immigration judge and the Board and these factors are considered in determining the significance, if any, to be accorded an advisory opinion and in weighing its evidentiary value in relation to the evidence presented by the alien. *See Matter of Williams, supra; Matter of Francois, supra.*

The inclusion of the State Department opinion in the record was not intended to provide additional discovery procedures for the applicant for asylum. The burden of establishing the likelihood of his persecution rests with the applicant.[3] Furthermore, the applicant is given ample

---

[2] The reliability of the opinions issued by the State Department involving asylum claims has been questioned in some court decisions. *See Khalil v. District Director*, 457 F.2d 1276 (9 Cir. 1972); *Hosseinmardi v. INS*, 405 F.2d 25 (9 Cir. 1968), *rehearing denied* (1969); *Kasravi v. INS*, 400 F.2d 675 (9 Cir. 1968). However, their value as a source of information about the general conditions in foreign countries has been recognized and we know of no decision finding the admission of such opinions into evidence to be reversible error. *See Zamora v. INS*, 534 F.2d 1055 (2 Cir. 1976); *Asghari v. INS*, 396 F.2d 391 (9 Cir. 1968); *Namkung v. Boyd*, 226 F.2d 385 (9 Cir. 1955); *United States ex rel. Dolenz v. Shaughnessy*, 206 F.2d 392 (2 Cir. 1953); *Matter of Francois, supra; see also Jaen v. INS*, 504 F.2d 155 (3 Cir. 1977); *Martineau v. INS, supra; Daniel v. INS, supra.*

[3] Where the denial of an asylum claim has been based on the applicant's failure to present sufficient evidence of persecution, the courts have not found the absence of cross-

opportunity to present evidence in rebuttal of any adverse information from the State Department. *See* 8 C.F.R. 208.10(b); *Jaen* v. *INS*, *supra*. Consequently, we are not persuaded that the denial of interrogatories unfairly prejudices the asylum applicant's ability to present his claim or that their submission would measurably improve it. Moreover, we are not unmindful of the potential effect that the submission of interrogatories would have on the already heavy workload under which the State Department now labors. It is clear that this would also excessively prolong exclusion proceedings involving asylum claims. Balancing the significant impact that submission of interrogatories would be likely to have on the efficient functioning of the government against the minimal benefit that an asylum applicant may reap, we conclude that no denial of due process results from the absence of interrogatories. *See Mathews* v. *Eldridge, supra.*

We likewise reject the applicant's argument that the immigration judge's refusal to permit simultaneous translation of the entire proceedings denied her due process right to a fair hearing.[4] The applicant contends that she was prejudiced by her ability to understand only part of the hearing and by the immigration judge's delegation of authority to the interpreter to determine when translation was necessary. However, she has specified no particular injury which resulted from the alleged error and has failed to set forth the untranslated portions of the hearing which she believes required translation.

Our review of the transcript indicates that the applicant's attorney submitted his motions only after admitting the allegations against the applicant and conceding her excludability. Subsequent to the immigration judge's denial of the motions, the remainder of the proceeding consisted only of questions directed to the applicant and her responses, all of which were translated by the interpreter.[5] Although the immigration judge asked counsel for the applicant if he desired a translation of the decision, counsel stated that he would explain it to the applicant himself. There was consequently no part of the hearing after submission

examination or interrogatories to be prejudicial error. *See Pereira-Diaz* v. *INS*, 551 F.2d 1149 (9 Cir. 1977); *Paul* v. *INS*, 521 F.2d 194 (5 Cir. 1975); *Hosseinmardi* v. *INS, supra.*

[4] It is our understanding that in requesting "simultaneous translation" of the proceedings, the applicant did not intend for the translation to be made through the use of electronic equipment so that the interpretation is indeed simultaneous, but desired only to have the interpreter who was present at the hearing give a consecutive translation of the entire proceedings. *Cf. United States* v. *Boria*, 371 F.Supp 1068 (D.P.R. 1973).

[5] We note that the examination of the applicant regarding her asylum claim was comprised of only three questions asked by her counsel and two by the attorney for the Service. In response to her attorney's questions, the applicant stated that she left Haiti illegally and that she would be beaten or killed by government officials if she returned. The only information elicited as a result of the Service's attorney's questions related to her date and place of birth and her marital status.

of the motions which was not either translated or explained to the applicant, so neither of her arguments has any basis in fact. Her contention that she was denied a fair hearing is, therefore, completely without merit. *See Ramirez v. INS,* 550 F.2d 560 (9 Cir. 1977); *Orozco-Rangel v. INS,* 528 F.2d 224 (9 Cir. 1976); *cf. Tejeda-Mata v. INS,* 626 F.2d 721 (9 Cir. 1980); *Tapia-Corona v. United States,* 369 F.2d 366 (9 Cir. 1966).

Although an alien in exclusion or deportation proceedings is entitled to a fair hearing, we do not find that due process requires translation of the entire hearing. In most cases, all that need be translated are the immigration judge's statements to the alien, the examination of the alien by his counsel, the attorney for the Service, and the immigration judge, and the alien's responses to their questions. However, the immigration judge may determine, in the sound exercise of his discretion, that the alien's understanding of other dialogue is essential to his ability to assist in the presentation of his case. *Cf. United States v. Barrios,* 457 F.2d 680 (9 Cir. 1972); *United States v. Carrion,* 488 F.2d 12 (1 Cir. 1973), *cert. denied,* 416 U.S. 907 (1974); *United States v. Rodriguez,* 424 F.2d 205 (4 Cir.), *cert. denied,* 400 U.S. 841 (1970); *United States v. Sosa,* 379 F.2d 525 (7 Cir.), *cert. denied,* 389 U.S. 845 (1967); *Suarez v. United States,* 309 F.2d 709 (5 Cir. 1962). For example, where a witness testifies regarding factual matters which specifically relate to the alien's own testimony, effective cross-examination may necessitate translation of the witness's testimony. *See Tejeda-Mata v. INS, supra; United States v. Carrion, supra; United States ex rel. Negron v. State of New York,* 434 F.2d 386 (2 Cir. 1970); *Gonzalez v. People of Virgin Islands,* 109 F.2d 215 (3 Cir. 1940). On the other hand, arguments presented by counsel and the rulings of the immigration judge are primarily legal matters, the translation of which generally would not be required where the alien is represented and the protection of his interests is ensured by counsel's presence.

Exclusion and deportation proceedings are civil, rather than criminal, in nature, and the constitutional requirements of due process are satisfied by a full and fair hearing. *Tejeda-Mata v. INS, supra; Ramirez v. INS, supra.* We believe that the above stated guidelines, when implemented by the immigration judge in the sound exercise of his discretion, reasonably assure that the alien will be afforded a fair hearing which comports with the standards of due process. In this case, the judgment of the immigration judge to deny the applicant's motion for simultaneous translation was appropriate.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.