

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# Gordon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gordon v. Atty Gen USA" (2004). *2004 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1486

DWIGHT GORDON,

Petitioner

v.

JOHN ASHCROFT, Attorney General of the
United States; U.S. CITIZENSHIP AND
IMMIGRATION SERVICES
DISTRICT DIRECTOR,

Respondents

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A37-331-225)

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2004

Before: AMBRO, VAN ANTWERPEN and STAPLETON, Circuit Judges

(Opinion filed December 23, 2004)

OPINION

AMBRO, Circuit Judge

Dwight Gordon seeks review of a final order of the Board of Immigration Appeals

("BIA") affirming an order of removal issued by an Immigration Judge ("IJ"). For the reasons that follow, we dismiss the petition for review for lack of jurisdiction.

Gordon is a native and citizen of Jamaica who was admitted to the United States on July 4, 1981. On May 19, 1998, Gordon was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to deliver cocaine, in violation of 21 U.S.C. § 846. On February 5, 2002, the Immigration and Naturalization Service ("INS")[1] placed Gordon into removal proceedings with a Notice to Appear ("NTA") charging him with removal under Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(iii) and (B)(i), 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i), as an alien convicted of an aggravated felony (illicit trafficking in a controlled substance) and a controlled substance offense.

Gordon admitted to the IJ the factual allegations in the NTA and conceded that he was removable as an aggravated felon. He asked the IJ for a continuance in order to pursue post-conviction relief. The IJ granted Gordon a three-month continuance. On August 15, 2002, Gordon's immigration proceedings reconvened. Gordon requested another continuance so that he could continue discussions with the United States Attorney in Florida regarding the feasibility of amending the judgment of conviction and allowing

---

[1]On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice and the INS's functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296 §§ 441, 451 & 471, 116 Stat. 2135.

him, he contends, to be eligible for cancellation of removal. The IJ denied the motion for another continuance. Based on Gordon's admissions and concessions, the IJ found him removable as charged and ordered him removed to Jamaica. Gordon appealed the IJ's decision to the BIA, which affirmed the decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). This petition for review followed.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc) ("[W]hen the BIA issues an AWO under the streamlining regulations we review the IJ's opinion and scrutinize its reasoning."). The Government argues, however, that we lack jurisdiction pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). That provision divests courts of jurisdiction to review the removal orders of aliens who are removable on the basis of having committed certain crimes, including drug-trafficking crimes.

However, the Supreme Court has left open the possibility that, notwithstanding the lack of jurisdiction to review removals for aggravated felons such as drug-traffickers, we nonetheless may have jurisdiction to consider substantial constitutional questions. *Calcano-Martinez v. INS*, 533 U.S. 348, 350 n.2 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("'where Congress intends to preclude judicial review of constitutional claims[,] its intent to do so must be clear'") (quoting *Webster v. Doe*, 486 U.S. 592, 603 (1988)); *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 680 (7th Cir. 2003) ("this court has continued to assert its jurisdiction to review [in a petition to review]

3

substantial constitutional questions [where INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), applies]"); *Garcia v. Attorney General*, 329 F.3d 1217, 1222 (11th Cir. 2003) (noting that "in construing the bar in the IIRIRA permanent rules, this Court has determined that, if the bar applies, it nonetheless retains jurisdiction to consider constitutional challenges to the INA or any other 'substantial constitutional issues' arising out of the alien's removal proceedings"). We need not decide the issue,[2] as Gordon's claims are not, under current case law, substantial.

Gordon raises two constitutional claims. The first is that the IJ's denial of Gordon's request for a continuance deprived him of due process under the Fifth Amendment of the United States Constitution; the second is that the BIA's affirmance without opinion of the IJ also deprived him of due process.

Regarding Gordon's first claim, the decision to grant or deny a motion for a continuance is in the discretion of the IJ. *See Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985). A decision to deny a continuance will not be overturned except on a showing of clear abuse. *Id.* Moreover, an alien must show that he or she has suffered prejudice resulting from the abuse of discretion. *In re Exilus*, 18 I. & N. Dec. 276, 278 (BIA 1982) (citing *Nicholas v. INS*, 590 F.2d 802, 809 (9th Cir. 1979)).

The IJ did not abuse his discretion in denying Gordon's second continuance

---

[2]Before *Calcano* and *Kim*, however, we held that there is no review of constitutional issues in cases that fall within the jurisdictional bar of INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). *See Liang v. INS*, 206 F.3d 308, 323 (3d Cir. 2000).

request, and in any event Gordon has not shown that he has suffered prejudice. The IJ granted Gordon's first request for a continuance and gave him three months so that he could pursue post-conviction relief. At the conclusion of the three months, Gordon appeared before the IJ and stated that he had not been able to secure any relief from his drug conviction. The IJ noted that, despite being given an additional three months to seek post-conviction relief, Gordon had not shown "any progress in that direction." The IJ also observed that Gordon's conviction was "not currently on appeal" and noted that Gordon pled guilty to a drug-trafficking crime upon which his removal was based. In addition, he produced no evidence to suggest that, with more time, he would have been able to secure relief from the conviction. Indeed, Gordon has not argued that he has a legal right to amend the judgment of conviction or to any other post-conviction relief.

In this context, Gordon has not raised a substantial question as to whether his due process rights were violated. *Cf. Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) (IJ's denying of counsel's continuance request and then proceeding with asylum hearing without counsel did not violate any of Ponce-Leiva's constitutional rights, as no reason was given for counsel's trip, IJ determined counsel's absence would make no difference at hearing, it was clear that asylum claim would not merit relief, and Ponce-Leiva admitted removability and made no attempt to show that the questions asked by the IJ did not give him the opportunity to present his case fully).

Gordon's second claim is that the BIA's affirmance without opinion of the IJ's

5

decision deprived him of due process. In *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc), we stated that "[w]e agree with our sister courts of appeals . . . that the streamlining regulations [which allow for affirming without opinion] do not violate the Due Process Clause of the Constitution." *Id*. at 238. Gordon notes that 8 C.F.R. § 1003.1(e)(4)(i) states that "[t]he Board member . . . shall affirm the decision of . . . the immigration judge . . . without opinion if the Board member determines that . . . any errors in the decision under review were harmless or nonmaterial . . . ." *Id*. Gordon argues that the BIA's affirmance without opinion was inappropriate in his case because the IJ's decision not to grant a second continuance was an error that was not harmless. This merely circles back to the IJ's denial of Gordon's second continuance request. As we already decided the IJ's denial was not an error, Gordon's argument fails.

Because Gordon is an alien who is removable because he committed an aggravated felony and controlled substance offense under INA §§ 237(a)(2)(A)(iii) and (B)(i), 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i), and because he has not raised any substantial constitutional challenge over which we might have jurisdiction, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), bars us from exercising jurisdiction over his petition for review. We thus dismiss.