**Porfirio MARTINEZ, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 06–2039.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2007.

Filed: Oct. 29, 2007.

---

Sandra L. Greene, York, PA, for Petitioner.

Richard M. Evans, Anthony W. Norwood, Paul Fiorino, United States Department Of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Porfirio Martinez challenges a final order of the Board of Immigration Appeals ("BIA") that dismissed his appeal of the Immigration Judge's ("IJ") oral decision ordering him removed to the Dominican Republic. The BIA dismissed that appeal because it determined it lacked jurisdiction. For the following reasons, we will deny Martinez's petition for review.

### I.

Martinez is a native and citizen of the Dominican Republic who was admitted to the United States in November of 1988 as a lawful permanent resident. On February 9, 2005, he was convicted in New York for possession of cocaine in the third degree in violation of Section 220.16(12) of the New York State Penal Law. On May 27, 2005, the Immigration and Naturalization Service notified Martinez that he was subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because he had been convicted under a law relating to a controlled substance.[1] At a subsequent hearing Martinez's counsel notified the IJ of Martinez's intent to seek cancellation of removal pursuant to 8 U.S.C. § 1229b.[2] On August 15, 2005, the Department of Homeland Security notified Martinez that, in addition to the February 9, 2005 conviction, he was subject to re-

---

1. 8 U.S.C. § 1227(a)(2)(B)(i) states:

   [A]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

2. Under 8 U.S.C. § 1229b(a), the Attorney General may cancel removal of an alien deemed deportable from the United States "if the alien (1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony."

moval for another conviction for possession of a controlled substance in the third degree that occurred on January 9, 1993. On October 4, 2005, in an oral opinion, the IJ ruled that Martinez was not eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b because of his January 6, 1993 conviction.[3] Martinez's counsel then asked for an opportunity to speak with Martinez about other relief for which Martinez may have been eligible. After speaking with Martinez through an interpreter, Martinez's counsel told the IJ that, after explaining to Martinez his legal options and "asking him twice," Martinez had informed counsel that he wished to accept the IJ's final order of removal.[4]

After the hearing, Martinez obtained new counsel and appealed the IJ's decision that he was ineligible for cancellation of removal. In that appeal, Martinez did not argue that his decision to accept the IJ's final order was not a knowing and intelligent one, nor did he argue that the hearings before the IJ were fundamentally unfair such that they amounted to a violation of due process. On February 22, 2006, the BIA dismissed Martinez's appeal, stating that the record reflected that Martinez, through his counsel, had waived his right to appeal. Therefore, according to the BIA, "the Immigration Judge's decision became administratively final upon the respondent's waiver of the right to appeal, and the Board lacks jurisdiction over this case." (AR 2.) Martinez now argues that the BIA erred in its determination that it lacked jurisdiction because the IJ "never advised [Martinez], through an interpreter, that his attorney made a representation to the court that [Martinez] waived his appellate rights prior to ending the removal proceeding." (Martinez's Brief at 11.)

## II.

■ We have jurisdiction under 8 U.S.C. § 1252 to review final orders of the BIA. We review any constitutional and legal questions raised by a petitioner de novo. *Alaka v. Att'y Gen.*, 456 F.3d 88, 94 n. 8 (3d Cir.2006) (citing *Ilchuk v. Att'y Gen.*, 434 F.3d 618, 621 (3d Cir.2006)). According to 8 C.F.R. § 1003.1(d)(2)(i)(G), the BIA "may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he appeal is . . . barred by an affirmative waiver of the right of appeal that is clear on the record." Here, the record clearly shows that Martinez, through his counsel, waived his right to appeal by accepting the final order of the IJ. Accordingly, the BIA did not err in its conclusion that it lacked jurisdiction to entertain Martinez's appeal. *See also Matter of Shih*, 20 I. & N. Dec. 697, 698–99 (BIA 1993) (holding that once the petitioner waived his right to appeal, the IJ's decision became final and the BIA lacked jurisdiction to adjudicate the petitioner's claim).

Martinez contends, however, that the BIA erred in its determination that it

---

**3.** According to 8 U.S.C. § 1229b(d)(1), "any period of continuous residence or continuous presence in the United States shall be deemed to end . . . when the alien has committed an offense . . . that renders the alien . . . removable from the United States under section 1227(a)(2) . . . of this title. . . ."

**4.** The relevant exchange between Martinez's counsel and the IJ is as follows:

MR CANDALAKOS TO JUDGE

    Okay. I spoke to Mr. Martinez with the assistance of an interpreter, and I ex-

plained his legal options in his case, and after explaining them to him and asking him twice, he told me that he wishes to accept a final order.

JUDGE TO MR. CANDALAKOS

    All right. And designates Dominican Republic?

MR. CANDALAKOS TO JUDGE

    Yes.

JUDGE TO MR. CANDALAKOS

    All right.

(Administrative Record ["AR"] at 57–58.)

lacked jurisdiction because the IJ never told him through an interpreter that his attorney was waiving his appellate rights. This argument presents two related and overlapping questions. First, whether the IJ violated Martinez's procedural due process rights by not following the agency's own rules and regulations according to *Matter of Exilus,* 18 I. & N. Dec. 276 (BIA 1982); and second, whether the IJ violated Martinez's due process rights generally by accepting Martinez's waiver of his right to appeal through his attorney and not advising Martinez of the consequences.

■ With respect to the first question, we do not have jurisdiction to review a due process claim not presented to the BIA if that claim "involves only a procedural error correctable through the administrative process," *Alleyne v. INS,* 879 F.2d 1177, 1183 n. 10 (3d Cir.1989), thereby providing the agency an opportunity to "correct its own errors before judicial intervention." *Bonhometre v. Gonzales,* 414 F.3d 442, 447 (3d Cir.2005) (quoting *Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004)). The record indicates that Martinez never argued to the BIA that the IJ violated the agency's internal rules and procedures by not providing an interpreter during the portion of the hearing where Martinez's counsel accepted the IJ's final order. Assuming that there was not simultaneous translation of the colloquy between the IJ and Martinez's counsel,[5] the BIA needs to have an opportunity to determine whether that action violated the agency's rules and procedures, and, if it did, to correct that error. Accordingly, we conclude that we have no jurisdiction to review that issue.

■ With respect to the second question, whether the IJ violated Martinez's due process rights by accepting Martinez's waiver of his right to appeal through his attorney and not advising Martinez of the consequences of that waiver, we conclude that there was no violation. A due process violation in removal proceedings requires a showing of fundamental unfairness. *United States v. Torres,* 383 F.3d 92, 103–04 (3d Cir.2004). There was nothing fundamentally unfair about these proceedings. Martinez had an opportunity to discuss with his attorney through an interpreter his legal options after the IJ ruled that he was not eligible for cancellation of removal. His attorney stated to the IJ in Martinez's presence that, after "asking him twice," Martinez decided to accept the final order of the IJ. Moreover, although the record demonstrates an interpreter was available at the hearing, Martinez did not object to the alleged lack of translation during that portion of the proceedings.

Martinez had been living in the United States since November of 1988, nearly seventeen years. It does not take a perfect command of the English language to have a basic understanding of the exchange that took place between the IJ and Martinez's counsel. After Martinez's counsel told the IJ that Martinez wished to accept the IJ's final order, the IJ responded, "All right. And designates Dominican Republic?", to which counsel replied, "Yes." (AR at 57–58.) This is not a complicated exchange, particularly as it immediately followed the conversation Martinez had with his lawyer through a translator—a conversation that Martinez does not disavow. Surely Martinez understood that what he had just authorized his attorney to say is what the attorney in fact said, and that the IJ responded by accepting the waiver.

---

5. The record indicates that a Spanish interpreter was present during the entire hearing. (AR at 50.) It is not clear from the record, however, whether or why the interpreter who was in attendance stopped translating during the colloquy in question, though that is basically what Martinez asserts.

Accordingly, under these circumstances, Martinez has failed to demonstrate that these proceedings violated his right to due process.

## III.

Therefore, for the foregoing reasons, we will deny the petition for review.