Haviv SCHIEBER, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 19717.

United States Court of Appeals
Ninth Circuit.

June 14, 1965.

Jack T. Price, Gordon, Kidder & Price, Los Angeles, Cal., for petitioner.

Manuel L. Real, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civ. Sec., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before HAMLIN, JERTBERG and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

Petitioner is a native of Poland and is an Israeli citizen. He was admitted to the United States as a non-immigrant visitor for pleasure on March 18, 1959, and was thereafter authorized to remain until February 1, 1960.

On March 15, 1961, an order to show cause and notice of hearing was issued by the Immigration and Naturalization Service charging that petitioner was subject to deportation pursuant to section 241(a) (2) of the Act, in that after admission under section 101(a) (15) of the Act he remained in the United States for a longer period than permitted. After a hearing the inquiry officer ordered that petitioner be deported, and on April 4, 1961, a warrant was issued for his deportation. Petitioner then submitted an application for a stay of deportation under section 243(h) of the Act (8 U.S.C. § 1253(h)) [1] alleging that his deportation would subject him to physical persecution. After hearing, this application was denied in August, 1961, a finding having been made "that it has not been established that the applicant would be subjected to physical persecution if so deported."

1. Section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h), provides:

"(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

On February 23, 1962, petitioner moved to reopen his deportation proceedings to permit him an opportunity to present additional evidence. On February 28, 1962, the outstanding order of deportation was withdrawn and the hearing reopened. After a series of hearings the Board of Immigration Appeals on August 5, 1964, upheld an order of a special inquiry officer denying petitioner's application "for adjustment of status under section 245 of the Immigration and Nationality Act but granting him permission to depart voluntarily from the United States, in lieu of deportation, and directing that he be deported to Israel * * * in the event he fails to depart when and as required."

On August 25, 1964, petitioner again moved to reopen his deportation proceedings for further hearing upon his application to withhold deportation pursuant to said section 243(h), which motion was denied on November 5, 1964. On November 25, 1964, petitioner filed in this court a petition for review of order of deportation, invoking the jurisdiction of this court under section 106(a) of the Act, 8 U.S.C. § 1105a(a). In his petition petitioner contends—

"There is no reliable, probative and substantial evidence in the deportation record confirming the charge upon which petitioner has been ordered deported; there was an arbitrary and capricious abuse of discretion on the part of the Immigration & Naturalization Service in denying the petitioner the relief requested under the provisions of Section 243(h) of the Immigration and Nationality Act."

■ This court has jurisdiction of an appeal from an order of the Board of Immigration Appeals denying a petition to reopen, Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) and has jurisdiction to review final administrative orders with respect to discretionary relief sought during deportation proceedings. Foti v. Immigration and Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

The record shows that petitioner is deportable. In fact, during the proceedings, petitioner and his counsel conceded his deportability.

■■ Judicial review of petitioner's contention that there was an arbitrary and capricious abuse of discretion in denying him relief under section 243(h) of the Immigration and Nationality Act is limited to determination of whether there has been any abuse of administrative discretion. Foti v. Immigration and Naturalization Service, supra. We have examined the record. There is ample evidence to support the refusal of the Attorney General to withhold deportation. We see no abuse of discretion.

Judgment affirmed.