**PETITIONERS OF LOCAL UNION 390, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Appellee.**

**No. 24941.**

United States Court of Appeals Fifth Circuit.

May 7, 1968.

Marvin O. Teague, William N. Clayton, Houston, Tex., for appellant.

L. N. D. Wells, Jr., Mullinax, Wells, Mauzy, Levy & Richards, Dallas, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

On May 31, 1966, the appellants filed an "Original Motion" seeking for themselves (and others similarly situated) separation from Local 390 of the IBEW, including a charter from the Brotherhood for a separate local. The District Court treated this pleading as a complaint. A union motion to dismiss was briefed and argued by both sides. *By letter* dated January 20, 1967, the Court notified the parties that it had concluded that defendant's motion to dismiss should be granted for failure to state a claim upon which relief could be granted. The letter further stated, however, that before an order should be entered the plaintiffs would be granted leave for thirty days to file an amended complaint. This amended complaint was filed one day late.

A second motion to dismiss, to which no reply was made, asserted that the complaint failed to state a claim upon which relief could be granted, failed to identify any plaintiff, failed to join an indispensable party, showed lack of jurisdiction over the subject matter, and had been untimely filed.

On April 5, 1967, the Court entered the order of dismissal which is here appealed from. This order simply recited the procedural history of the matter and concluded that "said defendant's second motion to dismiss is well taken".

Upon examination of the amended complaint we are of the opinion that it raised questions which might properly have been addressed to the National Labor Relations Board or to a State Court, but we must agree with the District Judge that it wholly failed to state a cause of action upon which relief could have been granted in a United States District

Court. We, therefore, find it unnecessary to comment upon the additional grounds for dismissal.

The Judgment of the District Court is Affirmed.