Ali Asghar **ASGHARI**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 21912.

United States Court of Appeals
Ninth Circuit.

May 28, 1968.

Milton T. Simmons, Donald L. Ungar of Phelan, Simmons & Ungar, San Francisco, Cal., for appellant.

Charles Elmer Collett, Chief Asst. U. S. Atty., Cecil F. Poole, U. S. Atty.,

Stephen M. Suffin, Immigration & Naturalization Service, San Francisco, Cal., Joseph Sureck, Regional Director, Immigration & Naturalization Service, San Pedro, Cal., for appellee.

Before CHAMBERS and CARTER, Circuit Judges, and BELLONI, District Judge.*

JAMES M. CARTER, Circuit Judge.

Petitioner is a native and citizen of Iran who was admitted to the United States on December 10, 1960, as a temporary visitor. Upon application, his status was changed to that of a student, and an extension of stay granted to March 15, 1965. He has remained in the United States to the present.

A further extension of time to depart the United States was granted to April 6, 1965. Instead of departing he went to New York without informing respondent of his change of address. He left no forwarding address with his landlady.

Four or five months after petitioner arrived he obtained employment without permission from respondent. On February 17, 1964, and February 15, 1965, when he applied for extension status, he falsely stated that he had not been employed, and that his means of support was money from his uncle.

Deportation proceedings were instituted against petitioner on June 6, 1966. A hearing was held by the special inquiry officer. Petitioner conceded deportability, but applied for a stay of deportation of the ground that if he were deported to Iran, he would be subject to persecution. He relied on Section 243(h) of the Immigration and Nationality Act (hereafter the Act), 8 U.S.C. § 1253(h).[1] The application for the stay was denied by the special inquiry officer and that decision was affirmed by the Board of Immigration Appeals.

Petitioner commenced this proceeding to review the denial of discretionary relief under Section 243(h) of the Act, 8 U.S.C. § 1253(h). This court has jurisdiction under Section 106 of the Act, 8 U.S.C. § 1105a.

The sole issue is whether the petitioner was afforded a fair hearing and due process of his application for discretionary relief.

Petitioner claims he fears persecution because in 1962 he joined and became a member of the Iranian Student Association of Northern California and that in 1963 and 1965 he picketed when the Shah came to this country and also picketed the Iranian Consulate. However, he admits having picketed against the Shah before he left Iran. Moreover, the Iranian government gave him his passport and the Iranian Consul General in San Francisco has consistently renewed it.

■ Inquiry was made of the State Department, who reported that "Opposition to the regime (in Iran) per se does not subject an individual to persecution whether the opposition occurred in Iran or here." This advice came from a knowledgeable and competent source and was admissible at the hearing. Hosseinmardi v. Immigration and Naturalization Service, 391 F.2d 914, (9 Cir. 3/22/68).

■ The record amply supports the refusal of the Attorney General to withhold deportation, and as in Hosseinmardi v. Immigration and Naturalization Service, (supra), and Schieber v. Immigration and Naturalization Service, 347 F.2d 353, (9 Cir. 1965), similar cases, there was no lack of due process or abuse of discretion.

The order is affirmed.

---

* Honorable Robert C. Belloni, U.S. District Judge, District of Oregon, sitting by designation.

1. Section 243(h) of the Act, 8 U.S.C. § 1253(h) provides in part, "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of * * * political opinion and for such period of time as he deems necessary for such reason."