Elgiro DANIEL et al., Petitioners,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 74–3072.

United States Court of Appeals, Fifth Circuit.

March 22, 1976.

Rehearing Denied June 22, 1976.

Neal R. Sonnett, Miami, Fla., for petitioners.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Robert W. Rust, U. S. Atty., Robert L. Woytych, Dist. Director, U. S. Immigration and Naturalization Service, Miami, Fla., Troy A. Adams, Jr., Dist. Director, Immigration and Naturalization Service, New Orleans, La., John L. Murphy, Chief, Rex L. Young, Atty., Govt. Reg.

Sec., Crim. Div., Washington, D. C., for respondent.

Before GEWIN and AINSWORTH, Circuit Judges, and MARKEY,* Chief Judge.

PER CURIAM:

In October and November of 1973, two groups of Haitian nationals entered this country surreptitiously. Subsequently, all members of both groups were arrested and ordered to show cause why they should not be deported.[1]. Separate deportation proceedings were held for each group.[2] Both groups sought to avoid deportation by claiming political asylum, but the immigration judges rejected this claim as to petitioners (members of each group) and denied their applications, which sought withholding of deportation.[3]

The Board of Immigration Appeals affirmed the judges' decisions and petitioners now seek relief in this court. Since they have failed to present any basis for relief by this court, their petition is denied.

Petitioners were afforded hearings on their § 243(h) claims. At these hearings it was shown that petitioners previously had requested political asylum in this country. After consulting with the State Department, which took the position that petitioners did not establish valid claims to asylum,[4] the District Director of the Immigration and Naturalization Service (INS) denied their claims. In these proceedings documentary evidence reflecting communications between the District Director and the State Department was made a part of petitioners' files and was considered by the judges. This fact was made known to petitioners at the hearings without objection from them. In their brief in support of their petition in this court the consideration of this evidence by the immigration judges is asserted as a basis for petitioners' request for relief.

Petitioners assert that the decision by the INS to deny their claims for the withholding of deportation was not supported by substantial evidence, was arbitrary and capricious, and constituted an abuse of discretion. According to petitioners' argument, the immigration judges should not have considered the opinion of the State Department that their claims of political asylum were not valid, and such evidence is not sufficient to support a denial of relief.

Manifestly, the burden rested on petitioners to prove the probability of persecution upon which they attempted to base their request for § 243(h) discretionary relief. *Shkukani v. INS*, 435 F.2d 1378 (8th Cir.), *cert. denied*, 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698 (1971); *Cheng Kai Fu v. INS*, 386 F.2d 750 (2d Cir. 1967), *cert. denied*, 390 U.S. 1003, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). At their hearings petitioners expressly chose not to testify on their own behalf. They based their claims to relief solely on their earlier written statements. The immigration judges weighed these statements along with the other evidence, including the State Depart-

---

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

1. The Haitians were deportable under § 241(a)(2) of the Immigration and Nationality Act (Act) because they entered the United States without inspection. 8 U.S.C. § 1251(a)(2).

2. One of the groups admitted deportability and the other did not. This distinction is not relevant to the issues presented to this court.

3. Section 243(h) of the Act authorizes the Attorney General to withhold deportation if, "*in*

*his opinion* the alien would be subject to persecution on account of race, religion, or political opinion . . . ." 8 U.S.C. § 1253(h) (emphasis added).

4. With respect to members of one of the groups, the State Department opinion was based in part on petitioners' "Asylum Claim Worksheets." On these forms petitioners stated that their purpose in coming to the United States was "To Find Work" or "To Seek Work." Petitioners left blank another space on the form that requested a list of their reasons for seeking asylum.

**1280**

ment opinions, and denied petitioners' claims.

 We find it unnecessary to decide whether the State Department opinions were properly considered by the immigration judges. This action was not manifest error, *Asghari v. INS*, 396 F.2d 391 (9th Cir. 1968); *Sovich v. Esperdy*, 319 F.2d 21 (2d Cir. 1963), and since petitioners did not raise this issue at the hearings, any objection they might have to this evidence has been waived. Accordingly, the INS decision is supported by substantial evidence. Contrary to petitioners' implied argument, the burden does not rest on the INS to disprove claims for discretionary relief that are based on mere naked assertions, *cf. Aalund v. Marshall*, 461 F.2d 710, 713 (5th Cir. 1972). We refuse to substitute our judgment for that of the INS because a fair and reasonable assessment of the record fails to disclose that its decision was arbitrary, capricious or an abuse of discretion. *Muskardin v. INS*, 415 F.2d 865 (2d Cir. 1969).

At oral argument petitioners asserted for the first time that the immigration proceedings were violative of due process, that they were not accorded effective assistance of counsel and that their rights were violated by the immigration judges' failure to question each of them. Petitioners were afforded a fair opportunity to present their claims fully at the hearings. Due process was afforded them by the INS throughout these hearings. The other two assertions made at oral argument were fully considered and rejected by this court in *Paul v. United States INS*, 521 F.2d 194, 197–99 (5th Cir. 1975). The analysis of these issues by this court in *Paul* applies equally to the facts of this case. These contentions are devoid of merit.

Petitioners have failed to demonstrate in any manner that the action of the INS was in any respect arbitrary, capricious or an abuse of discretion. Nor have they shown any denial of due proc-

ess or any material failure by the INS to follow its own rules. They are not entitled to relief in this court.

Petition denied.