Henrius HENRY, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

Sylvain GARCONVILLE et al.,
Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

Nos. 76–3994, 76–3829
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 13, 1977.

Michael I. Rose, Miami, Fla., for petition-
ers.

Lauren S. Kahn, Atty., U. S. Dept. of
Justice, Washington, D. C., Philip Wilens,
Chief, Dept. of Justice, Gov. Reg. & Labor,
James P. Morris, Atty., Criminal Div.,
Washington, D. C., for respondent.

Before GOLDBERG, CLARK and FAY,
Circuit Judges.

GOLDBERG, Circuit Judge:

The government seeks to deport petition-
ers, each a native and citizen of Haiti ille-
gally in this country. Petitioners concede
on appeal their deportability.[1] They main-
tain, however, that they are entitled to
discretionary withholding of deportation
under 8 U.S.C. § 1253(h), which provides:

The Attorney General is authorized to
withhold deportation of any alien within
the United States to any country in
which in his opinion the alien would be

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v.
Citizens Casualty Co. of New York et al., 5 Cir.
1970, 431 F.2d 409, Part I.

1. Sylvain Garconville and Luciana Janvier Gar-
conville, petitioners in No. 76–3829, entered the
United States as nonimmigrant visitors for

pleasure and extended their stay beyond the
authorized period. Henrius Henry, petitioner
in No. 76–3994, entered the United States with-
out inspection by the Immigration and Natural-
ization Service (INS).

subject to persecution on account of . . . political opinion . . .[2]

An Immigration Judge denied the applications and ordered voluntary departure within 30 days, on pain of deportation. The Board of Immigration Appeals affirmed.

Petitioners here seek review of the board's actions. We have consolidated these factually similar and legally identical appeals. Finding the merits of the decision not to withhold deportation untainted by arbitrariness and the decisionmaking procedure fully consistent with the guarantee of due process, we affirm the orders of the Board.

▮ The burden to prove probable persecution by a preponderance of the evidence rested squarely on petitioners. *See Daniel v. INS*, 528 F.2d 1278 (5th Cir. 1976); *Paul v. INS*, 521 F.2d 194 (5th Cir. 1975). In both cases at bar the Immigration Judge determined that petitioners had failed to make this required demonstration that they would probably face political persecution upon return to Haiti. The Board of Immigration Appeals upheld those determinations. Our authority to review the determination of petitioners' failure to meet their burden of proof is limited:

Judicial review of discretionary administrative action is limited to the questions of whether the applicant has been accorded procedural due process and whether the decision has been reached in accordance with the applicable rules of law. Furthermore, the inquiry goes to the question whether or not there has been an exercise of administrative discretion and, if so, whether or not the manner of exercise has been arbitrary or capricious.

*Paul, supra*, 521 F.2d at 197, *quoting Kam Ng v. Pilliod*, 279 F.2d 207, 210 (7th Cir. 1960), *cert. denied*, 365 U.S. 860, 81 S.Ct. 828, 5 L.Ed.2d 823 (1961). Under the broadest reading of this narrow mandate, we find no arbitrariness or abuse in the determinations of the Board and the Immigration Judge.

Henrius Henry, petitioner in No. 76–3994, expressed his belief that the present Haitian government is waging a campaign of political repression against citizens returning from abroad. His own sworn statement, however, indicates that his desire to remain in the United States rests solely on superior employment opportunities in this country. Moreover, nothing in the record suggests any past or present political activity or affiliations on the part of Henry or his Haitian family that might form the basis of a fear of persecution.

Similarly, Sylvain Garconville and Luciana Janvier Garconville, petitioners in No. 76–3829, offered the INS no evidence that would point an arm of political repression at them. The Garconvilles did leave Haiti in 1958 during a time of political intolerance and oppressive police measures. As the Immigration Judge found, however:

There is no evidence that the [Garconvilles] or any members of their families were ever arrested, imprisoned or suffered harassment or persecution at the hands of the Haitian authorities. The record is void of any evidence whatsoever that the [Garconvilles] ever belonged to any political organizations or participated in any political activities which might be considered hostile to the Government of Haiti.

The judge's conclusions fairly characterize the record and support his determination that the Garconvilles failed to show that they specifically had reason to fear persecution in Haiti.

The Garconvilles also alleged that anyone who had fled the regime of "Papa Doc" Duvalier, as they had, would be received with hostility by the present government. If proved, such an allegation might form a sound basis for fear of persecution regardless of the placidity of an individual's political past.

Petitioners, however, supported this allegation only by conclusory statements from personal knowledge and unauthenticated reports purporting to describe the Haitian

**2.** The Attorney General has delegated the authority to make § 1253(h) determinations to INS Special Inquiry Officers, here the Immigration Judge, 8 C.F.R. § 242.8 (1976).

political atmosphere. We cannot find an abuse of discretion in the conclusion reached by the Immigration Judge and the Board, that the Garconvilles failed to satisfy their burden of proving by a preponderance of the evidence a well-grounded fear of political persecution.

In sum, as to the attack on the merits of the INS denials to Henry and the Garconvilles of withholding of deportation, we affirm because "a fair and reasonable assessment of the record fails to disclose that its decision was arbitrary, capricious, or an abuse of discretion." *Daniel v. INS*, 528 F.2d 1278, 1280 (5th Cir. 1976).

■ Petitioners also levy a largely undefined due process challenge on appeal. Both sets of petitioners appear to claim that the INS district director who first denied their applications for political asylum failed to notify the State Department of his action. INS regulations require such notification in order to provide the State Department an opportunity to disagree with the district director and to comment in support of an application. 8 C.F.R. § 108.2 (1976). Petitioners, however, have again failed to prove any departure from the regulations or any denial of due process.

This procedural claim was not made to the Immigration Judge or the Board of Appeals.[3] Assuming we could reach the claim, however, the record in Henry's appeal belies it. That record contains a copy of the letter sent by the district director to State. Nothing affirmatively suggests the district director failed to give notice in the Garconvilles' case.

More importantly, the Immigration Judge gave the Garconvilles and Henry every opportunity, including several continuances, to gather evidence in support of their applications. The proceedings before us fully provided petitioners due process of law.

We by no means intend to belittle claims of political persecution, in Haiti or other lands. Our sadness at all circumscriptions of freedom, however, is no charter to disregard the procedural system created to determine the merit of such claims. That system has functioned in the instant case without abuse or arbitrariness. Accordingly, the orders appealed from are AFFIRMED.

---

**3.** Luciana Garconville did claim that the district director had failed to process her application for asylum. INS officials rebutted this claim with proof that her application had been entertained and denied.