Ramsn SHAMON, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–3199.

United States Court of Appeals, Sixth Circuit.

Submitted May 1, 1984.

Decided June 11, 1984.

Arpo Yeman, Lathrup Village, Mich., for petitioner.

Robert Kendall, Jr. (LC) Criminal Division, Washington, D.C., Thomas W. Hussey, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for Immigration & Naturalization Service.

Before LIVELY, Chief Judge, EDWARDS, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

PER CURIAM.

Appellant Shamon seeks this court's review of denial by the Board of Immigration Appeals of his application for withholding of deportation, 8 U.S.C. § 1253(h) (1982), and application for asylum, 8 U.S.C. § 1158(a) (1982), under the Immigration and Nationality Act. Since the application for asylum was made after institution of deportation proceedings, it will be considered as a request for withholding deportation. *See* 8 C.F.R. § 208.3(b) (1983).

The record before us shows that Ramsn Shamon, now 19 years old, entered the United States as a nonimmigrant visitor for pleasure from his native country of Iraq. He was authorized to stay 45 days. The visit began August 8, 1978. On March 12, 1981, the INS issued an order to show cause and notice of hearing charging Shamon to be subject to deportation. At a hearing on March 31, through counsel, petitioner admitted the allegations in the order to show cause and conceded deportability. Petitioner's counsel then informed the Administrative Law Judge that an application

for withholding deportation would be filed and that petitioner feared persecution if returned to Iraq, and the hearing was continued. At the subsequent deportation hearing, Shamon testified that when he was in secondary school in Iraq, at age 13, fellow students insisted he join the Baath Party, which he refused to do. Shamon is an Assyrian Christian in a predominantly Moslem country, largely controlled by the Baaths. Shamon testified that Baathist students in the school harassed him to such an extent that fighting was a constant problem and in one of the fights a student threw a torch at him which burned his leg. In still another fight, he testified he was kicked in the groin, later necessitating a hernia operation.

In spite of this testimony and other evidence which tended to present a threat or the possibility of persecution, the Administrative Law Judge found:

> On the basis of all the evidence before me, I find that the respondent has failed to satisfy the burden of proof, nor has he established that there is a clear probability that the fate he fears will befall him if he were returned to Iraq.

The Board found that appellant had failed to meet his burden of proof—"a well-founded fear of persecution ... regardless of whether his claim is assessed in terms of whether he has demonstrated a 'clear probability,' a 'good reason,' or a 'realistic likelihood.'" Subsequently, the Board also denied Shamon's motion to reopen deportation proceedings.

▮▮▮ This court has recently dealt with a similar problem in *Lugovic v. Immigration and Naturalization Service*, 727 F.2d 1109 filed January 25, 1984, an unpublished per curiam. There, after reviewing the differing burdens of proof applied by the Second Circuit, *see Stevic v. Sava*, 678 F.2d 401 (2d Cir.1982), *cert. granted*, 460 U.S. 1010, 103 S.Ct. 1249, 75 L.Ed.2d 479 (1983), and the Third Circuit in *Rejaie v. INS*, 691

---

[*] Honorable William H. Timbers, Senior Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation.

F.2d 139 (3d Cir.1982), this court concluded in language we believe is applicable to the instant appeal:

> The Board's decision that Lugovic does not have a well-founded fear of persecution is not arbitrary and capricious and is based on substantial evidence in the record. The burden of proof on this question is on the person seeking asylum. *E.g., Reyes v. INS,* 693 F.2d 597 (6th Cir.1982); *McMullen v. INS,* 658 F.2d 1312 (9th Cir.1981); *Shkukani v. INS,* 435 F.2d 1378 (8th Cir.), *cert. denied,* 403 U.S. 920 [91 S.Ct. 2237, 29 L.Ed.2d 698] (1971). Lugovic has not satisfied this burden. The evidence in his favor consists primarily of his blanket assertion that if deported he will be persecuted because of his advocacy of freedom for an Albanian region within Yugoslavia. Lugovic testified, however, that he never belonged to any political organization, never came individually to the attention of the Yugoslavian government, and was not hampered by the Yugoslavian government when he left for the United States. The only other evidence introduced by Lugovic was a series of newspaper articles, not pertaining to Lugovic individually, that outlined civil disturbances in Kosovo, an ethnically Albanian-dominated region of Yugoslavia, caused by dissatisfaction with the degree of autonomy afforded the region. Lugovic has not shown why he would be any more susceptible to persecution than any of Kosovo's approximately 1.4 million ethnic Albanians, many of whom advocate autonomy, according to the articles in evidence.

> More than this is required to show that a person seeking asylum will be "singled out for persecution," *Reyes, supra,* at 599. Lugovic's evidence that he will be persecuted is comparable to the evidence held insufficient in *Kashani v. INS,* 547 F.2d 376 (7th Cir.1977), and *Shkukani v. INS,* 435 F.2d 1378 (8th Cir.), *cert. denied,* 403 U.S. 920 [91 S.Ct. 2237, 29 L.Ed.2d 698] (1971). This is not a case, as was *Reyes v. INS,* 693 F.2d 597 (6th Cir.1982), where the person seeking asy-

lum had a history of trouble with the government because of political beliefs.

There is no doubt, of course, about the sincerity of appellant's desire to remain in this country, or the sincerity of his desire not to return to Iraq. Nonetheless, the immigration laws do not provide any basis for this court to interfere with the decision-making power vested in the Immigration and Naturalization Service under the facts of this case. We are compelled to agree that this record does not present either "a clear probability" or "a realistic likelihood" of persecution. Appellant has not carried his burden of proof.

The petition for review is therefore dismissed.