755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MUSA BUTROS BABBY, BUSHRA TOMA BABBY, PETITIONERS,
v.
IMMIGRATION & NATURALIZATION SERVICE, RESPONDENT.
 NO. 84-3395
 United States Court of Appeals, Sixth Circuit.
 1/22/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; and MARTIN and JONES, Circuit Judges.
 
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the briefs and administrative record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioners seek review of an order of the Board of Immigration Appeals finding them deportable under 8 U.S.C. Sec. 1251(a)(2) and denying the application for asylum and withholding of deportation under sections 208 and 243(h) of the Immigration and Naturalization Act of 1952, 8 U.S.C. Secs. 1158 and 1253(h). Petitioners are native citizens of Iraq. Petitioners have four children, one of whom was born in the United States. Petitioners entered the United States on May 28, 1980. They were granted until July 15, 1980, to remain in the United States. Petitioners did not deport when their original visitors stay had expired. Show cause orders were issued on August 31, 1981, charging that petitioners had remained longer than permitted and that they were deportable. A hearing was held on these orders on October 14, 1981, at which petitioners appeared with counsel. In support of their claims, they introduced their asylum applications and petitioner Mussa Butros Babby testified that he would be persecuted if he returned to Iraq. No objective evidence or documentation was submitted to support their claims. The immigration judge denied their application for asylum and withholding of deportation. The Board of Immigration Appeals upheld the determination ruling that under either the 'clear probability', 'good reason' or 'realistic likelihood' standard petitioners failed to establish their entitlement to relief under either section 208(a) or section 243(h).
 
 
 3
 On appeal petitioners argue that the findings of the immigration judge, affirmed by the Board of Immigration Appeals, are contrary to the weight of the evidence. We disagree with this assertion. Under Sec. 243(h) 'an alien must establish a clear probability of persecution to avoid deportation. . . .' Immigration and Naturalization Service v. Stevic, ---- U.S. ----, 104 S.Ct. 2489, 2494 (1984). The 'clear probability' test requires at least that an individual alien show that it is more likely than not that he as an individual will be subject to persecution if forced to return to his native land.' Dally v. Immigration and Naturalization Service, 744 F.2d 1191, 1195 (6th Cir. 1984) (emphasis in original). The 'alien must advance some credible evidence that authenticates his subjective allegations of persecution.' Id. at 1196; Nassar v. Immigration and Naturalization Service, ---- F.2d ----, No. 83-3683 (6th Cir. October 2, 1984). The burden of proof is on the person seeking asylum. E.g. Reyes v. Immigration and Naturalization Service, 693 F.2d 597 (6th Cir. 1982).
 
 
 4
 In the instant case, the petitioners have failed to meet their burden of advancing objective credible evidence that there is a 'clear probability' that they will be persecuted upon their return to Iraq. Petitioner Musa Babby testified, at the hearing, that the government confiscated his property without compensation. He further testified that in 1963 his brother was detained, interrogated, and beaten by the government. Petitioner also testified that he has publicly opposed the Iraqi government. The petitioners submitted the affidavit of Aziz Dankha which attested to the beating received by another Iraqi upon his return to Iraq from the United States.
 
 
 5
 However, petitioners submitted no credible objective evidence to support their subjective claim of persecution. Chavez v. Immigration and Naturalization Service, 723 F.2d 1431 (9th Cir. 1984). In addition, petitioner Musa Babby, during an interview with an Immigration and Naturalization Service examiner, admitted that the taking of his property was part of an urban renewal project. Finally, the affidavit does not show that the petitioners specifically will be subject to persecution. See Chavarria v. United States Department of Justice, 722 F.2d 666 (11th Cir. 1984); Fleurinor v. Immigration and Naturalization Service, 585 F.2d 129 (5th Cir. 1978); Cheng Kai Fu v. Immigration and Naturalization Service, 386 F.2d 750 (2d Cir. 1967), cert. denied, 390 U.S. 1003 (1968). Self serving declarations are not sufficient to entitle petitioners to relief under the Act. See Kashani v. Immigration and Naturalization Service, 547 F.2d 376 (7th Cir. 1977); Henry v. Immigration and Naturalization Service, 552 F.2d 130 (5th Cir. 1977). Thus, the Board's decision that petitioners do not have a well-founded fear of persecution is not arbitrary and capricious and is based on substantial evidence. See Shamon v. Immigration and Naturalization Service, 735 F.2d 1015 (6th Cir. 1984).
 
 
 6
 Accordingly, it is ORDERED that the petition for review be, and is hereby, denied.