770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SATHARAIN MANGAL; MYNA MANGAL; ANUSHKA MANGAL; ANIL MANGAL;
AND RITHA MANGAL, PETITIONERS,
v.
IMMIGRATION & NATURALIZATION SERVICE, RESPONDENT.
 NO. 84-3030
 United States Court of Appeals, Sixth Circuit.
 7/8/85
 
 I.N.S.
 PETITION FOR REVIEW DISMISSED
 ON APPEAL FROM THE IMMIGRATION AND NATURALIZATION SERVICE
 Before: KENNEDY and WELLFORD, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This petition for review concerns the denial by the Board of Immigration Appeals ('BIA') in two distinct deportation cases of requests for asylum or withholding of deportation.[1] Petitioners are natives and citizens of South Africa, are of Indian descent, and practice the Hindu religion. They claim asylum under the Immigration and Nationality Act of 1952 ('INA').[2]
 
 
 2
 Petitioner Sathnarain Mangal entered the United States on July 6, 1980, as a non-immigrant visitor for pleasure (tourist--'B-2' status) and was authorized to remain until October 31, 1980. See 8 U.S.C. Sec. 1101(a)(15)(B) (defining non-immigrant visitor); 8 C.F.R. Sec. 2142(b)(1) (defining 'B-2' classification). His daughter, Anushka, accompanied him at entry and was admitted with B-2 status. His wife, Myna, had been admitted previously on May 14, 1979, with B-2 status, and was authorized to remain until March 13, 1980. Anil Mangal entered the United States on December 18, 1979, as a student ('F-1' status), and was authorized to remain for the duration of his studies. Anil's wife, Ritha, accompanied Sathnarain at his entry into the United States on July 6, 1980, but received F-2 status as the spouse of a student. Ritha was authorized to remain for the duration of Anil's non-immigrant status. In reality, however, Sathnarain and Anil misrepresented themselves as a prospective tourist and as a student only to the American counsel in Durban, South Africa, since they had liquidated their South African assets prior to their departure, had no intention of returning there, and intended to stay in the United States.
 
 
 3
 Petitioners overstayed their authorized periods of admission and failed to comply with the conditions of their non-immigrant status. Thus, they were subject to deportation pursuant to INA Secs. 241(a)(2) and (9), 8 U.S.C. Secs. 1251(a)(2) and 1251(a)(9). Petitioners concede their deportability but claim asylum because of alleged racial and religious persecution in their home country. The requests for asylum and withholding of deportation were denied for petitioners' failure to establish a well-founded fear of persecution.
 
 
 4
 At their hearings, the immigration judge elicited the following facts:
 
 
 5
 1. Sathnarain, as a practicing Indian Hindu, was required to live in designated Indian areas.
 
 
 6
 2. Sathnarain had worked continuously for thirty-five years as an accountant.
 
 
 7
 3. Sathnarain had never engaged in political activity, had never been arrested, was treated no differently than other Indians, and had no difficulty in obtaining an unrestricted passport.
 
 
 8
 4. Anushka had not been politically active, had never been arrested, and had worked without difficulty as a receptionist.
 
 
 9
 5. Anil testified to receiving dissimilar wages for recial reasons.
 
 
 10
 6. Anil, however, admitted being apolitical, never having been arrested, and always holding a job as a painter or sheet-metal worker. He admitted never having been persecuted.
 
 
 11
 7. Ritha testified that she never had had a bad experience with the government.
 
 
 12
 Petitioners submitted three articles on conditions within South Africa, these articles pertained to the treatment of the Black majority and did not refer to Indians generally or to petitioners specifically.
 
 
 13
 Petitioners' counsel argued that because Myna had obtained a labor certification with special skills and might obtain a preference for readmission through Canada, that we should grant their petition or stay a ruling until they might somehow legalize their status in this country. These matters involve entirely separate and collateral matters and we decline to grant the latter request for further delay. We note in this respect that petitioners have already been in this country for more than six years after misrepresenting the true nature of their original entry.
 
 
 14
 I.N.S. v. Stevic, ---- U.S. ----, 104 S.Ct. 2489 (1984), counsels that a showing of a 'clear probability of persecution' must be shown before deportation will be withheld under INA Sec. 243(h). Documentary evidence not pertaining to the individual applicant or merely depicting a general human rights abuse in the alien's native land do not satisfy the 'clear probability' standard. Dally v. I.N.S., 744 F.2d 1191, 1195-96 (6th Cir. 1984). Particularized individual persecution and not merely conditions of discrimination in the country of deportation must be shown before asylum will be granted. Sanchez v. I.N.S., 707 F.2d 1523, 1527 (D.C. Cir. 1983). The applicant for asylum must bear the burden of showing eligibility for asylum or withholding of deportation. Nasser v. I.N.S., 744 F.2d 542, 544 (6th Cir. 1984). Under these standards the BIA did not err in denying asylum or withholding deportation. Petitioners have failed to carry their burden of proof in light of the clear authority in this circuit following Stevic.
 
 
 15
 Accordingly, the order of the Board of Immigration Appeals is AFFIRMED, and the petition for review is DISMISSED.
 
 
 
 [1]
 The first case involves Sathnarain Mangal, his wife Myna, and their daughter Anushka. The second case involves Anil Mangal, the son of Sathnarain and Myna Mangal, and his wife, Ritha. The instant petition for review will be treated as a joint petition although we recognize that petitioners never sought leave of the court to proceed jointly
 
 
 [2]
 Section 243(h)(1) of the INA, 8 U.S.C. Sec. 1253(h)(1) (1982), provides that:
 The Attorney General shall not deport or return any alien . . . to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.
 Section 208(A) of the INA, 8 U.S.C. Sec. 1158(A) (1982), provides that:
 The Attorney General shall establish a procedure for an alien physically present in the United States or at a land border or port of entry, irrespective of such alien's status, to apply for asylum, and the alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 101(a)(42)(A).
 Section 101(a)(42)(A) of the INA, 8 U.S.C. Sec. 1101(a)(42)(A) (1982), provides that:
 The term 'refugee' means . . . any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . ..