774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Waad J. Aslawa, Jamil K. Shili, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 Nos. 84-3564, 84-3565
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 B.I.A.
 AFFIRMED
 PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
 BEFORE: LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 This case presents a consolidation of petitions by Waad Aslawa and Jamil Shili from decisions of the Board of Immigration Appeals. In both cases, the Board of Immigration Appeals affirmed immigration judges' denials of asylum and refusals to withhold deportation. Before this Court, Aslawa and Shili each raise the same assignments of error: the immigration judge applied the wrong legal standard, failed to base his decision on adequate evidence, and did not adequately address all their claims. Upon review of the record, we deny the petitions.
 
 
 2
 Aslawa, a native and citizen of Iraq, entered the United States in June of 1980 as a nonimmigrant visitor for pleasure. Shortly after the expiration of his visa in March of 1981, Aslawa applied for asylum, see 8 U.S.C. Sec. 1158 (1982), with the Immigration and Naturalization Service (INS), alleging that he would be subject to persecution in Iraq due to his being a Chaldean Christian, his joining an underground democratic party, and his refusing to join the controlling Baath Socialist Party. Aslawa's application was denied at the initial administrative levels and a deportation hearing was subsequently held. At the hearing before an immigration judge, Aslawa repeated his request for asylum and in addition asked that his deportation be withheld, see 8 U.S.C. 1253(h) (1982). The immigration judge concluded that Aslawa had failed to sufficiently establish that he would be subject to persecution in Iraq and, accordingly, denied the application.
 
 
 3
 Shili like Aslawa is a native and citizen of Iraq who entered the United States in February 1980 as a nonimmigrant visitor for pleasure. Four days before the expiration of his visa on March 28, 1981, Shili filed a request for asylum with the INS. In his application, Shili alleged that he would be persecuted in Iraq because he was a Chaldean Christian, a member of the Kurdistan Student Union in the late 60s and early 70s, and not a member of the controlling Baath Socialist Party. At the deportation hearing, Shili acknowledged that he had served in the Iraq army for one-and-a-half years. Also, Shili testified that in the course of his work as a flight attendant for the government owned airline he had travelled to over fifty different countries, spending up to seven days in some of the countries. The immigration judge, concluding that Shili had failed to establish his claims, denied Shili's requests for asylum and withholding of deportation.
 
 
 4
 Under 8 U.S.C. Sec. 1253(h)(1) (1982), an alien's deportation may be withheld if the alien establishes a 'clear probability' that he will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. INS v. Stevic, 104 S. Ct. 2489, 2501 (1984). In this regard, the alien must establish that he as an individual he will be persecuted, Nasser v. INS, 744 F.2d 542, 544 (6th Cir. 1984), and must produce specific evidence to support his claim, Dally v. INS, 744 F.2d 1191, 1196 (6th Cir. 1984). We first consider whether the immigration judges applied these standards to Aslawa's and Shili's applications.
 
 
 5
 In Shili's case the immigration judge explicitly stated that irrespective of whether Shili's claim was considered under the 'clear probability' standard or any other standard enunciated by the various federal courts of appeals he would be unable to grant the requested relief, because Shili had failed to come forward with any 'specific, objective evidence' which would indicate that he individually would be persecuted. This statmeent of law by the immigration judge is consistent with both Stevic and this Court's decisions in Dally and Nasser. Similarly, the immigration judge in considering Aslawa's application reasoned that since Aslawa had failed to come forward with any 'specific, objective evidence' he had failed to establish a 'clear probability' of persecution. This is a correct statement of the law of this Circuit. Dally, 744 F.2d at 1196; Nasser, 744 F.2d at 544. Having determined that both immigration judges applied the correct legal standard to Shili's and Aslawa's claims, we next consider whether the immigration judges' decisions are supported by the evidence.
 
 
 6
 Aslawa essentially asserted two grounds upon which he based his fear of persecution: his being a Chaldean Christian and his prior affiliation with an underground democratic party. Also, Aslawa submitted excerpts from a publication called the Socialist Iraq. Besides this evidence, Aslawa was unable to 'establish or verbalize any other arrest, detention, or deprivation at the hands of the Iraqi government' other than his arrest and temporary incarceration for being involved in an automobile accident. We agree with the immigration judge's conclusion that Aslawa failed to introduce any specific, objective evidence that he would be persecuted in Iraq and, accordingly, we reject Aslawa's claim that the immigration judge's decision id unsupported by the evidence.
 
 
 7
 In support of his assertion that he would be persecuted upon his return to Iraq, Shili alleged that he was a Chaldean Christian, had been a member of an underground organization, the Kurdistan Student Union, which advocated the overthrow of the Iraqi government, and had been beaten for refusing to join the controlling Baath Socialist Party. Shili introduced two affidavits which supported his claim that he had been a member of the Kurdistan Student Union. The immigration judge noted, however, that this affiliation occurred in the late 60s and early 70s well before the filing of his present application and that since the Union failed to keep any membership records the chance of Shili being persecuted for his past participation in the organization was reduced. Further, Shili admitted that he had been a soldier in the Iraqi army for one-and-a-half years and acknowledged his employment for four years by the Iraqi government as an airline steward. In this position, Shili had on numerous occasions travelled freely outside of Iraq. Based upon these facts, the immigration judge pointed out that the government must have trusted Shili. The immigration judge concluded that Shili had failed to adequately substantiate his fear of persecution. Based upon the record before this court, we agree with the immigration judge's conclusion that Shili failed to establish that he would be singled out for persecution upon his return to Iraq.
 
 
 8
 Both petitioners finally contend that the immigration judges committed error in failing to address separately their asylum and withholding of deportation claims. Even assuming that a lesser stand rd applies to applications for asylum than applications for withholding of deportation, see Stevic, 104 S. Ct. at 2498, the alien, even in the asylum context, still must introduce specific evidence indicating that he will be persecuted, Youkhanna v. INS, 749 F.2d 360, 362 (6th Cir. 1984). As previously discussed, both Aslawa and Shili failed to introduce any specific objective evidence that they will be persecuted. Accordingly, we reject the contention that the immigration judges erred in failing to consider the two applications separately.
 
 
 9
 In light of the foregoing, the decisions of the Board of Immigration Appeals are affirmed.